UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **SYLVIA SOBRAL SCHWESIG,** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 1:21-cv-00953** |
| | ) | |
| vs. | ) | **Jury Trial Demanded** |
| | ) | |
| **LAW OFFICES OF IRA T. NEVEL, LLC**, an Illinois limited liability company, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Sylvia Sobral Schwesig ("Schwesig"), by and through her undersigned attorney, for her complaint against the Law Offices of Ira T. Nevel, LLC ("Nevel"), states and alleges:

### NATURE OF THE ACTION

1. Nevel (a collection law firm) violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), when it attempted to collect a debt not owed by Schwesig and filed a lawsuit against her which made multiple false allegations, was filed in an improper venue and sought improper relief.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with attempts to collect a debt. 15 U.S.C. §§ 1692e. Nevel's conduct ran afoul of these statutory prohibitions and Schwesig seeks appropriate relief here.

### JURISDICTION AND VENUE

3. Jurisdiction is conferred by 28 U.S.C. §1331 as this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

1

4. Venue and personal jurisdiction in this District are proper under 28 U.S.C. § 1391(b)(2) because Nevel conducts business in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action, is in this District.

## PARTIES

5. Schwesig is a natural person who resides in Elmwood Park, Illinois.

6. Nevel is an Illinois limited liability company whose members and employees are engaged in the practice of law in Illinois.

7. Schwesig is a "consumer" as defined in 15 U.S.C. § 1692a(3) because she is a natural person from whom Nevel sought to collect a debt allegedly incurred for personal, family, or household purposes. Here the alleged debt Nevel sought to collect from Schwesig was money ($2,900.00 per month in fact) for the use and occupancy of her prior residence, which has now been foreclosed.

8. Nevel is a "debt collector" as defined by the FDCA, 15 U.S.C. §1692(a)(6) because it regularly collects debts owed to others and is engaged in the business of collecting debts on behalf of others.

9. Nevel regularly uses the mail to collect or attempt to collect debts on behalf of others.

10. At all relevant times, Nevel was seeking to collect a consumer debt on behalf of his clients, Wojciech Kaleta and Anna Sak.

**BACKGROUND FACTS**

11. Prior to May 9, 2020, Schwesig resided with her mother, Maria Do S. Carmo Schwesig ("Maria"), at a home located at 2380 S DeCook Court, Park Ridge, Illinois (the "Home").

12. Maria had owned the Home jointly with her late husband, Werner E. Schwesig, who died on February 24, 2017.

13. Subsequent to Werner's death, Nevel filed a foreclosure case in the Circuit Court of Cook County, Illinois against Maria and others, on behalf of lender Fifth Third, which was docketed by the Clerk of the Circuit Court as Case Number 19-CH-3703 ("Foreclosure Case").

14. In the Foreclosure Case, the foreclosing lender sought to collect a mortgage loan secured by a lien in the Home. A judgment of foreclosure and sale was entered in that case and the Home was sold at judicial sale to Wojciech Kaleta and Anna Sak ("Third Party Buyers").

15. The judicial sale of the Home to the Third Party Buyers was confirmed by the Court in the Foreclosure Case on February 7, 2020.

16. On the same day and in the same order, the Third Party Buyers obtained an order for possession against Maria with respect to the Home.

17. Pursuant to the provisions of 735 ILCS 5/15-1701(d) of the Illinois Mortgage Foreclosure Law ("IMFL"), the Third Party Buyers could not take possession of the Home until thirty days after February 7, 2020.

18. On May 12, 2020, Nevel prepared a "Demand for Possession of Property" that was served upon the occupants of the Home on May 15, 2020 by a special process server.

19. Within 7 days, Schwesig vacated the Home and moved into an apartment in Elmwood Park, Illinois.

20. Nevertheless, on June 24, 2020, Nevel filed a post-foreclosure eviction action, Case No. 20-M1-705161 in the First Municipal District for the Circuit Court of Cook County, Illinois. This case is referenced herein as the "Eviction Action."

21. The Eviction Action was filed in contravention of Governor J.B. Pritzker's Executive Order 2020-30, which was extended by virtue of Executive Order 2020-39 which prohibited the filing of residential eviction actions.

22. Specifically, Governor Pritzker's Executive Order 2020-30 states as follows:

> Section 2. A person or entity may not commence a residential eviction action pursuant to or arising under 735 ILCS 5/9-101 et seq., unless a tenant poses a direct threat to the health and safety of other tenants, an immediate and severe risk to property, or a violation of any applicable building code, health ordinance, or similar regulation. Nothing in this Executive Order shall be construed as relieving any individual of the obligation to pay rent or comply with any other obligation that an individual may have pursuant to a lease or rental agreement. This Executive Order does not supersede any provision of any other prior Executive Order.

23. Moreover, Governor Pritzker's Executive Order 2020-39 states,

> **Executive Order 2020-30 (Filing of residential eviction actions; enforcement of non-residential eviction orders; expired consular identification documents; electronic filings for the Illinois Human Rights Commission):**
>
> Executive Order 2020-30, as amended by Executive Order 2020-33, is re-issued in its entirety and extended through **June 27, 2020**.

24. Nevertheless, on January 5, 2021, Nevel filed an amended complaint in the Eviction Action. A copy of the amended complaint filed in the Eviction Action is attached as *Exhibit 1*.

25. The Eviction Action was filed on behalf of the Third Party Buyers and named, among others, Schwesig as a party defendant.

26. In the Eviction Action, Nevel sought to collect $2,900 per month for "use and occupancy" of the Home from Schwesig from February 1, 2020. *See Exhibit 1*, Count II.

27. Specifically, the amended complaint in the Eviction Action alleged as follows:

4

> 3. The fair use and occupancy of the subject property including all of the above monthly expenses for a property in this area is $2,900.00 per month. Kaleta and Sak are entitled to possession of the subject property and as such, are entitled to use and occupancy since February 1, 2020, the first day of the month after the Judicial Sale until possession is turned over.

and

> WHEREFORE, pursuant to the foregoing, the Plaintiffs, Wojciech Kaleta and Anna Sak, respectfully pray this Honorable Court to enter an eviction order granting it possession of the premises and a judgment in its favor and against the Defendants, Werner E. Schwesig a/k/a Wener Schwesig, Maria Do S. Carmo Schwesig a/k/a Maria S. Carmo Schwesig a/k/a Maria S. Carm Schwesig, Sylvia Sobral Schwesig and Unknown Occupants in the sum of $29,000.00 thru November 2020, plus accruing use and occupancy of $2,900.00 per month until possession is turned over, plus, the costs of this suit.

See ***Exhibit 1***, Count II.

28. Pursuant to 735 ILCS 5/9-201(5):

> The owner of lands, his or her executors or administrators, may sue for and recover rent therefor, or a fair and reasonable satisfaction for the use and occupation thereof, by a civil action in any of the following instances:
> ******
> 5. When the lands have been sold upon a mortgage or trust deed, and the mortgagor or grantor, or person holding under him or her, wrongfully refuses or neglects to surrender possession of the same, ***after demand, in writing***, by the person entitled to the possession.

29. The Third Party Buyers, through Nevel, first made a demand for possession of the Home on May 12, 2020. See ***Exhibit 1***, Exhibit B thereof.

30. Schwesig vacated the Home within 7 days of the demand for possession.

31. The Third Party Buyers had no legal right to seek payment of use and occupancy from Schwesig for any period prior to the demand for possession.

32. Also, because Schwesig immediately vacated the Home after receiving a demand for possession, the Third Party Buyers had no legal right to seek payment of use and occupancy from Schwesig for any period after she left.

5

33. Similarly, the Third Party Buyers had no right to file the Eviction Action on June 24, 2020 when filing of residential eviction actions was banned by Governor Pritzker's Executive Orders 2020-30 and 2020-39.

34. Further still, the Courthouse which is geographically closest to the Home is the Second Municipal District Courthouse. Attached as ***Group Exhibit 2*** are printouts from the website https://distancecalculator.globefeed.com/ showing that the Second Municipal District Courthouse is the courthouse that is geographically closer to the Home.

35. The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That includes the use of any "false representation or deceptive means to collect or attempt to collect any debt…" *Id.* § 1692e(2)(A)(10); or a "threat to take any action that cannot legally be taken…" *Id.* § 1692e(5).

36. Section 1692f of the FDCPA provides in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

37. Section 1692i of the FDCPA states as follows:

> (a) Any debt collector who brings any legal action on a debt against any consumer shall –
> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located.
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity -
>     (A) In which such consumer signed the contract sued upon; or
>     (B) In which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i.

38. The Seventh Circuit held in *Suesz v. Med-I Solutions, LLC*, 757 F.3d 636, 648 (7th Cir. 2014) (en banc), that the relevant judicial district or similar legal entity is the smallest geographic area relevant to the venue in the court system in which the case is filed.

39. By filing the Eviction Action in the wrong venue, Nevel violated the § 1692i FDCPA.

40. Because the Eviction Action threatens to take action against Schwesig which cannot legally be taken - entry of a judgment for use and occupancy of the Home - Nevel violated § 1692e(5) of the FDCPA.

41. Moreover, Nevel filed a residential eviction action seeking possession of the Home when the filing of such actions was barred by Governor Pritzker's Executive Orders 2020-30 and 2020-39, also in violation of § 1692e(5) of the FDCPA.

42. By filing the Eviction Action in the wrong venue and by refusing to dismiss the case upon Schwesig's counsel's request, Nevel used an unfair and unconscionable means to collect the Loan from Schwesig in violation of § 1692f of the FDCPA.

43. Schwesig suffered actual damages as a result of Nevel's violations of the FDCPA. Specifically, Schwesig incurred filing fees to have counsel appear on her behalf in the Eviction Action and incurred attorneys' fees to defend herself in that case.

44. Pursuant to 15 U.S.C. § 1692k(a)(1), Schwesig is entitled to recover from Nevel actual damages.

45. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), Schwesig is entitled to recover from Nevel statutory damages of up to $1,000.

46. Pursuant to 15 U.S.C. §1692k(a)(3), Schwesig is entitled to recover from Nevel costs and reasonable attorneys' fees incurred in this action.

**WHEREFORE**, Schwesig respectfully requests that this Honorable Court enter judgment in her favor and against Nevel, as follows:

a. Declaring that the conduct of Nevel as alleged herein is unlawful and violates the FDCPA, 15 U.S.C. § 1692e and 1692f ;

b. Awarding Schwesig statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Schwesig actual damages, in an amount to be proven up at a later date, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Awarding Schwesig costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Court deems just and appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury.

*Respectfully submitted,*

**SYLVIA SOBRAL SCHWESIG**

By: /s/ *Rusty Payton*
Rusty Payton
PAYTON LEGAL GROUP
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal